UNITED STATES of America ex rel.
Melvin Lee SMITH,
Petitioner-Appellee,

v.

Charles J. ROWE and William Klusak,
Respondents-Appellants.

No. 79–2107.

United States Court of Appeals,
Seventh Circuit.

Oct. 17, 1984.
Rehearing Denied Nov. 29, 1984.

Melbourne A. Noel, Jr., Chicago, Ill., for petitioner-appellee.

Andrew Berman, Asst. Public Defender of Cook County, Chicago, Ill., for respondents-appellants.

Before CUMMINGS, Chief Judge, and SWYGERT and FAIRCHILD, Senior Circuit Judges.

PER CURIAM.

Petitioner Smith was convicted of armed robbery in a jury trial in the Circuit Court of Kane County, Illinois on January 30, 1975. The Illinois Appellate Court affirmed, *People v. Smith*, 52 Ill.App.3d 583, 10 Ill.Dec. 303, 367 N.E.2d 756 (1977), the Illinois Supreme Court denied leave to appeal, and the United States Supreme Court denied certiorari, *Smith v. Illinois*, 436 U.S. 961, 98 S.Ct. 3079, 57 L.Ed.2d 1127 (1978).

Petitioner then filed his petition for a writ of habeas corpus in the United States District Court for the Northern District of Illinois. That court granted the writ, and this court affirmed, *United States ex rel. Smith v. Rowe*, 618 F.2d 1204 (7th Cir. 1980). The Supreme Court granted certiorari, *Franzen v. Smith*, 449 U.S. 810, 101 S.Ct. 57, 66 L.Ed.2d 13 (1980), and remanded the case to this court for reconsideration in light of *Jenkins v. Anderson*, 447 U.S.

231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980). On remand, this court reaffirmed its prior decision that the district court had properly granted the writ, *United States ex rel. Smith v. Franzen*, 660 F.2d 237 (7th Cir. 1981). The Supreme Court again granted certiorari, *Lane v. Smith*, 457 U.S. 1102, 102 S.Ct. 2898, 73 L.Ed.2d 1310 (1982), and remanded the case to this court for reconsideration in light of *Fletcher v. Weir*, 455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed.2d 490 (1982).

The parties have submitted additional briefs to the court on the issue that is before this court on remand: whether the prosecutor's comments in closing argument about the failure of petitioner and another witness to come forward with his alibi following his arrest but prior to his trial violated the Due Process Clause of the fourteenth amendment. In light of *Fletcher v. Weir*, 455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed.2d 490, and subsequent decisions of this court, *see Feela v. Israel*, 727 F.2d 151 (7th Cir.1984); *United States ex rel. Saulsbury v. Greer*, 702 F.2d 651 (7th Cir.1983), we conclude that the prosecutor's attempt to impeach petitioner by his post-arrest silence did not violate petitioner's right to fundamental fairness guaranteed by the Due Process Clause.

In *Fletcher*, the Court stated:

In the absence of the sort of affirmative assurances embodied in the *Miranda* warnings, we do not believe that it violates due process of law for a State to permit cross-examination as to the post-arrest silence when a defendant chooses to take the stand.

*Id.* at 607, 102 S.Ct. at 1312. There is no indication in the case at bar that the petitioner had received his *Miranda* warnings prior to the post-arrest silence alluded to by the prosecutor in his closing argument. Thus, "[t]o the extent that the prosecutor's . . . [comments] focused on such pre-*Miranda* silence, the . . . [comments were] proper." *Feela v. Israel*, 727 F.2d at 157.

Petitioner attempts to distinguish *Fletcher* by arguing that he received the "sort of

affirmative assurances embodied in the *Miranda* warnings ...." He contends that his attorney instructed him that he had the right to remain silent and that he should not reveal his alibi defense before trial. We do not believe, however, that these are the kinds of "affirmative assurances" to which the *Fletcher* Court was referring. *Fletcher* and other Supreme Court decisions regarding the use by prosecutors of a defendant's silence, *see Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980); *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975), were all based on the fundamental unfairness of inducing a defendant to exercise the right to remain silent and then using that silence at trial to impeach the defendant. *See Fletcher*, 455 U.S. at 606, 102 S.Ct. at 1311. Here, it was the petitioner's own attorney, who presumably had no intention of impeaching his own client, who assured him that he had the right to remain silent. Thus, the fundamental unfairness of "induced detrimental reliance," *Feela*, 727 F.2d at 157, is not present here.

We find that this case is simply indistinguishable from *Fletcher*. We therefore reverse the order of the district court granting the writ of habeas corpus.